Jon Sanford
SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
Telephone: (800) 615-4946

THE HONORABLE _____

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON
SPOKANE DIVISION

JORDAN KING, Individually and on Behalf of All Others Similarly Situated,

Plaintiff,

v.

INLAND RESTORATION, INC., and STEVEN KNIGHT,

Defendants.

NO. 2:23-cv-40

**ORIGINAL COMPLAINT—COLLECTIVE ACTION**

### ORIGINAL COMPLAINT—COLLECTIVE ACTION

Plaintiff Jordan King ("Plaintiff"), individually and on behalf of all others similarly situated, by and through his attorney Jon Sanford of Sanford Law Firm, PLLC, for his Original Complaint—Collective Action ("Complaint") against Defendants Inland Restoration, Inc. and Steven Knight (collectively "Defendant" or "Defendants"), states and alleges as follows:

**I.      PRELIMINARY STATEMENTS**

1.     This is a collective action brought by Plaintiff, individually and on behalf of all others similarly situated, against Defendants for violations of the overtime provisions of the

Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (the "FLSA"), and the provisions of the Washington Minimum Wage Act, RCW 49.46.010, *et seq.* (the "WMWA")

2. Plaintiff seeks a declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and a reasonable attorney's fee and costs as a result of Defendants' policy and practice of failing to pay proper overtime compensation under the FLSA and the WMWA.

## II. JURISDICTION AND VENUE

3. The United States District Court for the Eastern District of Washington has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

4. This Complaint also alleges violations of the WMWA, which arise out of the same set of operative facts as the federal cause of action; accordingly, this Court has supplemental jurisdiction over Plaintiff's Washington state law claims pursuant to 28 U.S.C. § 1367(a).

5. Plaintiff was employed by and performed work for Defendants in Spokane County. Therefore, venue is proper within the Spokane Division of the Eastern District of Washington pursuant to 28 U.S.C. § 1391.

## III. THE PARTIES

6. Plaintiff is an individual and resident of Spokane County.

7. Separate Defendant Inland Restoration, Inc. ("Inland Restoration"), is a domestic for-profit corporation.

8. Inland Restoration's registered agent for service of process is Inland Restoration, Inc., 18 East A Street, Deer Park, Washington 99006.

9. Upon information and belief, Inland Restoration does business as Servpro of NW & SW Spokane.

10. Defendant Steven Knight is an individual and resident of Washington.

11. Upon information and belief, Defendants collectively, in the course of business, maintain websites at https://www.servpro.com/locations/wa/servpro-of-northwest-spokane and https://www.servpro.com/locations/wa/servpro-of-south-west-spokane-county.

### IV. FACTUAL ALLEGATIONS

12. Defendants employ two or more individuals who engage in interstate commerce or business transactions, or who produce goods to be transported or sold in interstate commerce, or who handle, sell, or otherwise work with goods or materials that have been moved in or produced for interstate commerce.

13. Defendants' annual gross volume of sales made or business done is not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) in each of the three years preceding the filing of the Original Complaint.

14. Knight is a principal, director, officer, and/or owner of Inland Restoration.

15. Knight, in his role as an operating employer of Inland Restoration, had the ability to hire and fire Plaintiff, often exercised supervisory authority over Plaintiff's work, including the day-to-day job duties that Plaintiff's job entailed, determined his work schedule, and made decisions regarding Plaintiff's pay, or lack thereof.

16. Knight took an active role in operating Inland Restoration and in the management thereof.

17. At all times material herein, Plaintiff has been entitled to the rights, protections, and benefits provided under the FLSA and the WMWA.

18. Defendants employed Plaintiff first as a helper technician and then as a lead technician from March of 2022 to August of 2022.

19. Defendants classified Plaintiff as nonexempt from the overtime requirements of the FLSA and paid him an hourly wage.

20. Within the three years preceding the filing of this lawsuit, Defendants also employed other hourly-paid technicians to perform the work necessary to their business (hereinafter referred to as "Hourly Technicians").

21. Defendants directly hired Plaintiff and other Hourly Technicians, controlled their work schedules, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding their employment.

22. In addition to his hourly wage, Plaintiff regularly received bonuses.

23. Specifically, Plaintiff received, and expected to receive, a bonus of $50 for each after-hours job he performed while on-call ("on-call bonuses"), in addition to any hourly or overtime pay he received for working outside of his regular hours.

24. Upon information and belief, all technicians, regardless of whether they were helper or lead technicians, received bonuses for each after-hours job they performed while on-call.

25. These on-call bonuses were based on objective and measurable criteria.

26. Plaintiff and other Hourly Technicians expected to receive the on-call bonuses and did in fact receive the on-call bonuses on a regular basis.

27. The on-call bonuses constituted nondiscretionary bonuses paid to Plaintiff and other Hourly Technicians.

Original Complaint—Collective Action
Page 4

28. Plaintiff and other Hourly Technicians regularly or occasionally worked in excess of forty hours per week throughout their tenure with Defendants.

29. Defendants did not include the bonuses that were paid to Plaintiff and other Hourly Technicians in their regular rates when calculating their overtime pay, even though Plaintiff and other Hourly Technicians received bonuses in pay periods in which they also worked in excess of forty hours per week.

30. 29 C.F.R. § 778.208 requires that all forms of compensation, such as nondiscretionary bonuses, "must be totaled in with other earnings to determine the regular rate on which overtime pay must be based."

31. Similarly, RCW 49.46.020 and 49.46.130 also requires that the regular rate include all compensation received. See Washington Department of Labor and Industries Employment Standards ES.A.8.2 ("the regular rate . . . includes all payments made by the employer to . . . the employee (excluding certain exceptions)").

32. In weeks in which Plaintiff and other Hourly Technicians performed work related to earning a bonus and worked over 40 hours, Defendants did not pay Plaintiff and other Hourly Technicians 1.5 times their regular hourly rate for hours worked over 40 in that week.

33. Defendants violated the FLSA and the WMWA by not including all forms of compensation, such the nondiscretionary bonuses of Plaintiff and other Hourly Technicians, in their regular rate when calculating their overtime pay.

34. Plaintiff incurred damages in each week in which he performed work related to earning a bonus, but in which Defendants did not adjust his regular rate to include the bonus.

35. For example, but without limitation, Plaintiff incurred damages in the pay period beginning May 30, 2022.

36. Upon information and belief, Defendants' pay practices were the same for all Hourly Technicians who received on-call bonuses.

37. Upon information and belief, the pay practices that violate the FLSA alleged herein were the same at all of Defendants' locations because the policy was a centralized human resources policy implemented uniformly from the corporate headquarters.

38. Because of the volume of work required to perform their jobs, Plaintiff and other Hourly Technicians consistently worked in excess of forty hours per week.

39. Plaintiff and other Hourly Technicians tracked their time via Defendants' electronic timekeeping system.

40. Defendants knew or should have known that Plaintiff and other Hourly Technicians worked hours over forth in at least some weeks.

41. The net effect of Defendants' practices and policies regarding Plaintiff's bonuses and pay, as described above, is that Defendants intentionally avoided including bonuses in Plaintiff's regular rate to avoid paying him a proper overtime premium for hours worked over forty each week.

42. Defendants made no reasonable efforts to ascertain and comply with applicable law.

43. Defendant knew, or showed reckless disregard for whether, the way it paid Plaintiff and other Hourly Technicians violated the FLSA and the WMWA.

## V. REPRESENTATIVE ACTION ALLEGATIONS

44. Plaintiff brings this claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons similarly situated as hourly employees who were, are, or will be employed by Defendants within

the applicable statute of limitations period, who are entitled to payment of the following types of damages:

    A.    Regular wages and overtime premiums for all hours worked over forty hours in any week;

    B.    Liquidated damages; and

    C.    Attorney's fees and costs.

45.    Plaintiff proposes the following collective under the FLSA:

> **All Hourly Technicians who earned a bonus in connection with work performed in at least one week in which they worked over forty hours within the past three years.**

46.    In conformity with the requirements of FLSA Section 16(b), Plaintiff has filed or will soon file a written Consent to Join this lawsuit.

47.    The relevant time period dates back three years from the date on which Plaintiff's Original Complaint—Collective Action was filed herein and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a), except as set forth herein below.

48.    The members of the proposed FLSA collective are similarly situated in that they share these traits:

    A.    They were paid hourly;

    B.    They were eligible for and received nondiscretionary bonuses;

    C.    They worked over forty hours in at least one week in which they performed work related to a bonus; and

    D.    They were subject to Defendant's common policy of failing to pay a proper overtime rate for hours worked over forty in a week.

49. Plaintiff is unable to state the exact number of the collective but believes that the collective exceeds forty persons.

50. Defendants can readily identify the members of the collective, who are a certain portion of the current and former employees of Defendants.

51. The names and physical and mailing addresses of the probable FLSA collective action plaintiffs are available from Defendants.

52. The email addresses of many of the probable FLSA collective action plaintiffs are available from Defendants.

## VI. FIRST CLAIM FOR RELIEF

**(Individual Claim for Violation of the FLSA)**

53. Plaintiff asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

54. At all relevant times, Defendants have been, and continue to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

55. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay a minimum wage for all hours worked up to 40 each week and to pay 1.5 times their regular wages for all hours worked over 40, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying DOL regulations.

56. Defendants classified Plaintiff as nonexempt from the protections of the FLSA.

57. Despite Plaintiff's entitlement to overtime payment under the FLSA, Defendants failed to pay Plaintiff 1.5 times his regular rate for all hours worked in excess of 40 per week.

58. Defendants knew or should have known that their actions violated the FLSA.

59. Defendants' conduct and practices, as described above, were willful.

60. By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiff for monetary and liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred beginning at least three years preceding the filing of Plaintiff's initial complaint, plus periods of equitable tolling.

61. Defendants have not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and, as a result, Plaintiff is entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

62. Alternatively, should the Court find that Defendants acted in good faith in failing to pay Plaintiff as provided by the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

## VII. SECOND CLAIM FOR RELIEF

**(Collective Action Claim for Violation of the FLSA)**

63. Plaintiff asserts this claim for damages and declaratory relief on behalf of all similarly situated employees pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

64. At all relevant times, Defendants have been, and continue to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

65. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to 40 each week and to pay 1.5 times their regular wages for all hours worked over 40 each week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying DOL regulations.

66. Defendants classified Plaintiff and other similarly situated employees as nonexempt from the overtime provisions of the FLSA.

67. Defendants failed to pay Plaintiff and similarly situated employees 1.5 times their regular rate for all hours worked in excess of 40 per week.

68. Defendants deprived Plaintiff and similarly situated employees of compensation for all of the hours worked over forty per week, in violation of the FLSA.

69. Defendants knew or should have known that its actions violated the FLSA.

70. Defendants' conduct and practices, as described above, were willful.

71. By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiff and all similarly situated employees for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred beginning at least three years preceding the filing of Plaintiff's initial complaint, plus periods of equitable tolling.

72. Defendants have not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiff and similarly situated employees are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

73. Alternatively, should the Court find that Defendants acted in good faith in failing to pay Plaintiff and the collective members as provided by the FLSA, they are entitled to an award of prejudgment interest at the applicable legal rate.

## VIII. THIRD CLAIM FOR RELIEF

**(Individual Claim for Violation of the WMWA)**

74. The WMWA provides that all nonexempt employees are to be paid all hours worked over 40 in a workweek at 1.5 times the nonexempt employee's regular rate of pay. *See* RCW 49.46.130(1).

75. In failing to compensate Plaintiff at 1.5 times his regular rate for all hours worked over 40 each week, Defendant violated the Washington state laws referenced above.

76. Defendant acted willfully in violating the Washington state laws discussed herein, and Plaintiff is entitled to double the actual damages in accordance with the Washington Rebate Act. RCW 49.52.070.

77. Plaintiff has suffered loss of income and other damages. Accordingly, Plaintiff is entitled to recover unpaid wages owed, liquidated damages, attorneys' fees and other appropriate relief under Washington state laws.

## IX. PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Jordan King, individually and on behalf of all others similarly situated, respectfully prays that Defendants be summoned to appear and to answer this Complaint and for declaratory relief and damages as follows:

A. Declaratory judgment that Defendants' practices alleged in this Complaint violate the FLSA, the WMWA and their related regulations;

B. Certification of a collective under Section 216 of the FLSA of all individuals similarly situated, as further defined in any motion for the same;

C. Judgment for damages suffered by Plaintiff and others similarly situated for all unpaid overtime wages under the FLSA, the WMWA and their related regulations;

D. Judgment for liquidated damages owed to Plaintiff and all others similarly situated pursuant to the FLSA, the WMWA and their related regulations;

E. An order directing Defendants to pay Plaintiff and all others similarly situated interest, a reasonable attorney's fee and all costs connected with this action; and

F. Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

**JORDAN KING, Individually and on Behalf of All Others Similarly Situated, PLAINTIFF**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
Telephone: (800) 615-4946
Facsimile: (888) 787-2040

By: */s/ Jon Sanford*
Jon Sanford
Wash. Bar No. 54557
ecfnotices@sanfordlawfirm.com