UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JORDAN KING,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>INLAND RESTORATION, INC., and STEVEN KNIGHT,<br><br>　　　　　　　Defendants. | CASE NO: 2:23-CV-0040-TOR<br><br>BENCH TRIAL<br>SCHEDULING ORDER |

A telephonic scheduling conference was held in the above-entitled matter on May 24, 2023. Jon Rodgers Sanford appeared on behalf of Plaintiff. Michael H. Church and Courtney Hagermann appeared on behalf of Defendants. The Court reviewed the Joint Status Certificate (ECF No. 15), heard from counsel, and is fully informed. **IT IS ORDERED:**

**1. General Court Procedures**

Pursuant to Fed. R. Civ. P. 16(b)(4), the dates set forth in this Order may be amended **only** by Order of the Court and upon a showing of good cause. Pursuant

BENCH TRIAL SCHEDULING ORDER ~ 1

to Fed. R. Civ. P. 29, the parties may stipulate to other procedures governing or limiting discovery, except the dates set forth in this Order.

Counsel are to review and employ Local Civil Rule (LCivR) 83.1 (Civility) and Washington Rule of Professional Conduct 3.4 (Fairness To Opposing Party And Counsel).

### 2. Mediation

If parties elect to proceed to mediation, it should be completed as early as possible to avoid the unnecessary expenditure of judicial resources.

### 3. Rule 26(a)(1) Exchange

If not already accomplished, the parties shall disclose their Fed. R. Civ. P. 26(a)(1) material promptly.

### 4. Motions to Amend Pleadings or Add Parties

Any motion to amend the pleadings or add parties shall be filed no later than **August 1, 2023**.

### 5. Rule 26(a)(2) Expert Identification and Reports

The parties are cautioned that failure to timely identify experts or provide reports in accordance with Rule 26 and this scheduling order may result in exclusion of such testimony absent good reason. *See Wong v. Regents of the Univ. of Cal.*, 410 F.3d 1052 (9th Cir. 2005).

The parties shall identify their experts and serve those experts' Rule 26(a)(2) reports on all other parties no later than **January 12, 2024**. The parties shall also provide dates for which their experts can be available for deposition.

The parties shall identify their rebuttal experts and serve those experts' Rule 26(a)(2) reports on all other parties no later than **February 12, 2024**. The parties shall also provide dates for which their experts can be available for deposition.

**6. Discovery Cutoff**

    **A. Generally**

All discovery, including depositions and perpetuation depositions, shall be completed by **March 4, 2024** ("Discovery Cutoff"). To be timely, discovery requests must be served sufficiently in advance of the deadline to allow for timely response by the cutoff date. The parties shall not file discovery, except those portions necessary to support motions or objections.

    **B.    Depositions, Interrogatories, Requests for Production/Admission**

Unless otherwise stipulated, no more than 10 depositions up to seven hours long, may be taken by the plaintiffs, or by the defendants, or by third-party defendants. Fed. R. Civ. P. 30(a)(2)(A) and (d)(1).

Unless otherwise stipulated, any one party may serve no more than 25 written interrogatories, including discrete subparts, on any other party. Fed. R. Civ. P. 33(a)(1) and advisory committee notes (1993) explaining "discrete subparts".

Unless otherwise stipulated, any one party may serve no more than 30 requests for production, including discrete subparts, on any other party.  LCivR 34(d).

Unless otherwise stipulated, any one party may serve no more than 15 requests for admission, including discrete subparts, on any other party.  LCivR 36(c).

A party needing relief from these limitations should timely seek relief from the Court by motion.

### C.  Protective Orders

Any stipulation or motion for a confidentiality agreement or protective order must be timely filed so as not to delay the discovery process or the Court's deadlines.  If confidential records are attached to court filings, "compelling reasons" must be shown to seal records attached to a dispositive motion and "good cause" must be shown to seal records attached to a non-dispositive motion. *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178-80 (9th Cir. 2006).

### D.  Motions to Compel

To avoid wasted time and expense, parties may contact chambers to schedule a telephonic conference to obtain an expedited ruling on discovery disputes.  Prior

to contacting chambers, counsel shall confer and determine an agreed upon hearing date and time.  Motions to compel seeking sanctions shall be filed in writing.

**7.  Dispositive and *Daubert* Motions**

All dispositive and *Daubert* motions shall be filed on or before **March 11, 2024**.  Responses and replies to dispositive and *Daubert* motions shall comply with LCivR 7.  No supplemental responses or supplemental replies to any dispositive or *Daubert* motion may be filed without Court permission.

Dispositive and *Daubert* motions shall be noted for hearing at least **fifty (50) days** after the date of filing.

**8.  Motion Practice**

**A.  Notice of Hearing**

The parties are to comply with LCivR 7(i) when noting motions for hearing.  If oral argument is sought by a party, counsel shall first confer and determine an agreeable hearing date and time, and then contact chambers to confirm the Court's availability for the agreed upon hearing date and time.  All non-dispositive motion hearings shall be conducted telephonically, unless in-person argument is approved by the Court.  Dispositive motion hearings in which oral argument has been requested will may be set for in-person or telephonic appearance.  The use of cellular phones is permitted, but not in speaker mode and provided the caller is in an area with sufficient cellular service and minimal background noise.  Landline

phones may not be used in speaker mode. All phones shall be muted unless addressing the Court.

### B. Motions to Expedite

If there is a need to have a motion heard on an expedited basis, the party must file a Motion for Expedited Hearing and an accompanying memorandum (or declaration) establishing the need for an expedited hearing. The Motion for Expedited Hearing shall be noted for hearing, without oral argument, <u>no earlier than two (2) days after the filing of the motion</u>. The local rules do not provide for motions (including stipulated motions) to be noted for hearing for the same day they are filed.

### C. Citing Previously-Filed Documents

All references to a previously filed document shall cite to the electronic case filing (ECF) record number and page number within that ECF record, in the following format, "ECF No. __ at __." Such documents shall not be attached as exhibits.

### D. Reliance on Deposition Testimony

When a party relies on deposition testimony to support a position it takes in support or opposition to an issue, that party shall provide the Court <u>with the pertinent excerpts</u> of the deposition testimony relied upon and shall cite to page and line numbers of the deposition it believes supports its position. *See generally*

LCivR 56(c). Submission of the entire deposition and/or failure to cite to specific portions of the deposition may result in the submission being stricken from the record. *See Orr v. Bank of America*, 285 F.3d 764, 774-75 (9th Cir. 2002).

### E. Supplemental Responses or Replies

No supplemental responses or supplemental replies to any motion may be filed unless the Court grants a motion to file such documents.

### F. Motions to Reconsider

Motions to Reconsider are disfavored. Motions must show manifest error in the prior ruling or reveal new facts or legal authority which could not have been brought to the Court's attention earlier. The motion shall be noted for expedited hearing without oral argument seven days after it is filed. No response to a motion for reconsideration need be filed unless requested by the Court. No motion for reconsideration will be granted without such a request by the Court.

### G. Decisions on Motions

The parties may call chambers to inquire about the status of a decision on a motion if the Court has not issued an order within thirty **(30) days after** the hearing on the motion.

### 9. Witness/Exhibit Lists

Witness/Exhibit lists shall be filed and served and exhibits made available for inspection or copies provided to the parties on or before **April 22, 2024**.

### A. Witness Lists

Witness lists shall include a brief description of the witness, a brief summary of the witness' anticipated testimony, whether the witness will be called as an expert, and any known trial date/time conflicts the witness may have.

### B. Exhibit Lists

Exhibit lists shall include a brief description of the exhibit. All exhibits shall be pre-marked; Plaintiffs' exhibits shall be numbered 1-499; Defendants' exhibits shall be numbered 500-999. Exhibits shall be numbered in the lower right corner of the exhibit if practicable.

### C. Objections

Objections to witnesses/exhibits shall be filed and served on or before **April 29, 2024**, AND SHALL BE HEARD AT THE PRETRIAL CONFERENCE. All objections to witnesses shall set forth a legal basis and explanation for the objection. Objections to an exhibit or portion thereof, shall be accompanied by a full and complete copy of the exhibit in question and a short legal explanation for the objection. The party seeking the admission of the witness or exhibit has five (5) days, excluding federal holidays and weekends, to file a response to the opposing party's objection; no reply shall be filed.

//

//

**10. Deposition Designations**

  **A. Generally**

Designation of substantive, as opposed to impeachment, deposition or prior testimony to be used at trial shall be highlighted in yellow by Plaintiff or in blue by Defendant in a complete transcript of the deposition or prior testimony and served but not filed on or before **April 22, 2024**.

  **B. Cross-Designations**

Cross-designations shall be highlighted in yellow by Plaintiff or in blue by Defendant in the transcript containing the opposing party's initial designations and shall be served but not filed on or before **April 29, 2024**.

**11. Motions in Limine**

All unresolved substantive or evidentiary issues that may forseeably arise during trial shall be addressed by motions in limine to be filed and served on or before **April 29, 2024**. Responses to motions in limine shall be filed and served on or before **May 6, 2024**. Such motions will be addressed and resolved at the pretrial conference. However, Motions in Limine may not reargue issues already decided by the Court.

//

//

//

**12. Pretrial Order**

    **A.  Generally**

A joint proposed pretrial order prepared in accordance with LCivR 16(e) shall be filed on or before **May 13, 2024**, and a copy e-mailed, in Microsoft Word format, to "riceorders@waed.uscourts.gov".

    **B.  Exhibit List**

The list of exhibits contained in the Joint Proposed Pretrial Order shall reflect the exhibit marking scheme described above.  In preparing the Joint Proposed Pretrial Order, the parties shall confer regarding duplicative exhibits and determine which party will submit such exhibits for trial.

**13.  Trial Briefs**

Trial briefs shall be filed and served on or before **May 13, 2024**.  Trial briefs shall not exceed twenty (20) pages without prior court approval.  To obtain court approval, a party must file a motion to file an overlength brief, demonstrating good cause why supplemental briefing is necessary.

**14.  Pretrial Conference**

A **telephonic** pretrial conference will be held on **May 22, 2024, at 9:30 a.m.** All counsel trying the case must **participate in the telephonic Pretrial Conference.**  Counsel are directed to call the Court's conference line at (888) 273-3658 five (5) minutes prior to the designated hearing time.  When prompted, enter

BENCH TRIAL SCHEDULING ORDER ~ 10

Access Code 2982935 and Security Code 0040.  The use of cellular phones is permitted provided the caller is in an area with adequate cellular service and minimal background noise.  Neither landline nor cell phones may be used in speaker mode or with a wireless headset.  All phones shall be muted unless addressing the Court.

**15.  Trial**

A bench trial shall commence on **June 3, 2024, at 9:00 a.m.,** in **Spokane Courtroom 902**.

IT IS SO ORDERED.

The District Court Clerk is directed to enter this Order and provide copies to counsel.

DATED May 24, 2023.



THOMAS O. RICE
United States District Judge

BENCH TRIAL SCHEDULING ORDER ~ 11